IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Grigsby, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0935 |
| v. | : | Judge Marbley |
| United States | : | Magistrate Judge Abel |
| and | : | |
| Delaware County Assistant Prosecuting Attorney, | : | |
| | : | |
| Defendant | | |
| | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Dennis Grigsby, an inmate at the Delaware County Jail at the time the complaint was filed, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C.

---

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any

§1997e(c) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that plaintiff Grigsby filed an otherwise unidentified non-frivolous lawsuit, Case No. 12CV100046, but he was unable to find in the jail library the cases cited by defendants. Grigsby was taken from jail and flown by U.S. Marshals five times to other jurisdictions. He was not given bond on criminal charges, violating his Eighth Amendment right to bail. His Sixth Amendment rights have been violated because, instead of going to trial, he has been ordered to undergo competency examinations. Ninety percent of all shakedowns in the Delaware County Jail occur after midnight, disrupting sleep. Extra toilet paper is seized. The jail is too small to keep

---

portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

murderers and violent, assaultive convicts separated. There is constant noise, making it hard to think and write good legal pleadings, motions, and briefs. Toilet sewage at the jail backs up in J dorm. A correctional officer in North Carolina violated plaintiff's private property. Plaintiff has lost two teeth, and the jail nurse gave him Sudafed. Plaintiff has lost over $200,000 in income. Car rental records were unreasonably seized in violation of the Fourth Amendment. He was tricked during a competency hearing. The only two named defendants are the United States and an Assistant Delaware County Prosecuting Attorney.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>. Plaintiff Dennis Grigsby was indicted by the grand jury for the Southern District of Ohio on three counts of unarmed bank robbery. *United States of*

3

*America v. Dennis M. Grigsby,* 2:10-cr-00105. The Court order a competency evaluation, and it was determined that he was incompetent to stand trial. He then was ordered committed to the custody of the Attorney General for a period not to exceed four months to determine whether his competency could be restored. After that period and following a hearing at which Grigsby was represented by counsel, the Court determined that there was a substantial probability that his competency could be restored if he has treated with anti-psychotic medication. July 8, 2011 Opinion and Order, Doc. 43, *United States of America v. Dennis M. Grigsby,* 2:10-cr-00105. Grigsby appealed that decision, and the order that he undergo psychiatric treatment to restore his competency has been stayed until the Court of Appeals adjudicates the appeal. *Id.*, Doc. 46.

Claims regarding federal criminal prosecution. To the extent that the complaint seeks damages and other relief related to alleged constitutional violations occurring in connection with the pending federal prosecution for unarmed bank robbery, this action is premature. In *Wallace v. Kato,* 127 S.Ct. 1091 (2007), the Supreme Court held that a false arrest claim accrues when the illegal detention ends, and a Section 1983 case must be filed within the period of limitations measured from that date. In *Heck v. Humphrey,* the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal author-

4

> ized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).  To reconcile *Heck* with the holding in *Wallace*, the Supreme Court stated a district court should:

> stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See* [*Heck*], at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace*, 127 S.Ct. at 1098.

<u>Claims against the United States</u>. The United States is immune from suit unless it has expressly waived its sovereign immunity by statute. *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831, 841 (2008). Here it has not waived sovereign immunity as to any claims plaintiff has attempted to plead against it. Consequently, it is RECOMMENDED that all claims against the United States be DISMISSED.

<u>Claims against Delaware County Assistant Prosecuting Attorney Aric I. Hochstettler</u>. The complaint fails to allege that Hochstettler did anything to deny Grigsby a constitutional right. To the extent that the complaint attempts to state claims about how plaintiff has been treated in the Delaware County Jail it fails to give fair notice of those claims to any identified individual defendant. Further, the complaint

does not allege when the actionable conduct occurred or who engaged in the actionable conduct.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
